IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHASE BANK USA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-273 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| EVELYN L. HILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

For the reasons that follow, the Plaintiff's Motion for Entry of Default Judgment (Doc. 5) will be denied, and the Plaintiff's Complaint dismissed without prejudice for its failure to establish federal subject matter jurisdiction.

The Plaintiff has filed a "Complaint/Motion" for "Confirmation of [an] Arbitration Award" entered pursuant to the rules of the American Arbitration Association ("the AAA"). *See generally* Doc. 1. At the onset, the court notes that there is no such thing as a "Complaint/Motion" under the Federal Rules. Accordingly, the filing will be treated as the Complaint.

The Complaint fails to establish federal subject matter jurisdiction. Although the pleadings reference the Federal Arbitration Act ("the FAA"), "[i]t is well-established that even when a petition is brought under the [FAA], [the] petitioner seeking to confirm . . . an arbitration award in federal court must establish an independent basis for federal jurisdiction." Carter v. Health Net of California, Inc., 374 F.3d 830, 833

(9th Cir. 2004) (citing binding Supreme Court precedent); *cf. also* D'Onofrio v. Il Mattino, 430 F. Supp.2d 431, 437 (E.D. Pa. 2006) ("when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties") (citation of quoted source omitted).  Accordingly, the Complaint will be dismissed, without prejudice to amendment, for want of federal subject matter jurisdiction.

In light of the dismissal, it follows that the Plaintiff's Motion for the entry of default judgment must be denied. Even had jurisdiction been established, default judgment under Federal Rule 55 would not be the proper mechanism for confirming the arbitration award:

> Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award. . . .  [D]efault judgments in confirmation/vacatur proceedings are generally inappropriate. . . .
>
> A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration decision itself, that may resolve many of the merits or at least command judicial deference.  When a court has before it such a record, rather than only the allegations of one party found in [a] complaint[], the judgment the court enters should be based on the record.

>    Therefore, the Petition and accompanying
>    record should be treated like a motion for
>    summary judgment and, when the respondent
>    fails to answer, like an unopposed motion for
>    summary judgment.

Herrenknecht Corp. v. Best Road Boring, 2007 WL 1149122, *2 (S.D.N.Y. Apr. 16, 2007) (citations and internal quotations omitted).

For the reasons stated above, the court hereby ORDERS the following:

(a) the Complaint (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE**, and the Plaintiff shall file an amended complaint, establishing the court's subject matter jurisdiction, within eleven (11) days of the date of this Order;

(b) within seven (7) calendar days of the filing of the amended complaint, the Plaintiff shall file a motion for summary judgment seeking confirmation of the AAA arbitration award, and it shall include the record supporting its request, as well as a proposed order of confirmation that includes all appropriate relief; and

(c) within seven (7) calendar days of the filing of the Plaintiff's motion for summary judgment, the Defendant may file a response in opposition. If no response is filed, the Plaintiff's motion will be treated as unopposed.

THESE THINGS ARE SO ORDERED on this __26th__ day of __April__, 2007.

_____
Gary L. Lancaster
United States District Judge

-3-

cc:

Toni L. DiGiacobbe, Esq.   (via email)

Evelyn L. Hillis          (via first-class U.S. Mail)
234 Brown Street
Reynoldsville, PA   15851